USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ACCESS 4 ALL, INC., a Florida          :
not for profit corporation,
NELSON STERN, individually,            :

                    Plaintiffs,        :     04 Civ. 3683 (KMW) (DF)
                                             ORDER
          -against-                    :

THIRTY EAST 30TH STREET, LLC,          :
a New York Limited Liability
Company,                               :

                    Defendant.         :

------------------------------------X

WOOD, U.S.D.J.:

## I.   Background

Plaintiffs filed suit against Defendant on May 14, 2004, alleging violations of the Americans with Disabilities Act ("ADA").  On November 23, 2004, the parties entered into a Consent Decree.  The Court issued an order approving the Consent Decree and, pursuant to the parties' agreement, referred the case to Magistrate Judge Debra Freeman for a determination as to whether Plaintiffs are entitled to attorneys' fees and costs. Plaintiffs thereafter filed an application for attorneys' fees. Defendant argued, in opposition to Plaintiffs' motion, that Plaintiffs are not entitled to attorneys' fees because, inter alia, Plaintiffs lack standing to bring this lawsuit.

On December 11, 2006, Magistrate Judge Debra Freeman issued

1

a Report and Recommendation ("Report"), familiarity with which is assumed, recommending that the Court vacate the Consent Decree and dismiss Plaintiffs' fee application on the ground that Plaintiffs lack standing.  Plaintiffs timely objected to the Report, arguing that: (1) Magistrate Judge Freeman deprived Plaintiffs of due process by deciding the standing question without holding an evidentiary hearing; (2) the Report erroneously interjected Magistrate Judge Freeman's notion that pre-suit notice was required; (3) Magistrate Judge Freeman's implicit finding of bad faith is incorrect and irrelevant; (4) Magistrate Judge Freeman erred in reasoning that plaintiff Nelson Stern ("Stern") lacks standing; and (5) Magistrate Judge Freeman erred in finding that plaintiff Access 4 All, Inc. ("Access") lacks standing.  Plaintiffs' objections are meritless.

## II.  Discussion

The Court must consider Plaintiffs' objections de novo.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In reaching its decision, the Court has carefully considered the Report, and the arguments contained therein, as well as the briefs that the parties have submitted.

### A.   Evidentiary Hearing

Plaintiffs argue that Magistrate Judge Freeman reached her conclusions by discrediting Plaintiffs' affidavit and thus erred in not conducting an evidentiary hearing.  Plaintiffs are

2

incorrect.  Magistrate Judge Freeman concluded that even if the statements in Stern's affidavit are taken as true, Plaintiffs' evidence is "patently insufficient to demonstrate that they have standing."  Report at 14.  Under these circumstances, no evidentiary hearing is required.  See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 83-84 (2d Cir. 2006) ("The Court may resolve the factual issues concerning jurisdiction either on a motion for summary judgment, if appropriate, or, if not, after an evidentiary hearing.").

B.    Pre-Suit Notice and Finding of Bad Faith

Plaintiffs assert that Magistrate Judge Freeman based her recommendations on the faulty notion that the ADA requires pre-suit notice and that Stern demonstrated bad faith by filing a number of similar ADA lawsuits.  Plaintiffs misconstrue Magistrate Judge Freeman's language and reasoning.  Magistrate Freeman references pre-suit notice only in the context of summarizing the procedural posture of the case, and nowhere in the Report does she conclude that Stern acted in bad faith.  See Report at 4, 21.  The Court, accordingly, discredits Plaintiffs' objections.

C.    Stern's Standing

The Report concludes that Stern lacks standing to bring suit against Defendant pursuant to the ADA, because he fails to

satisfy the "injury in fact" requirement.  Magistrate Judge

Freeman explained as follows:

> As Defendant is correct that the injury-in-fact
> requirement for standing requires a plaintiff to show
> "a <u>plausible</u> intention or desire to return to the place
> but for the barriers to access," the Court must
> evaluate the plausibility of Stern's professed
> intention.  Although "no standard has been established
> for the necessary degree of 'likelihood' that an ADA
> plaintiff will return, nor a specific number of times
> per year that plaintiff will visit the facility, nor
> even how far forward in time should be considered in
> determining whether the injury might be 'imminent,'"
> courts have considered the following factors to be
> relevant: "(1) the proximity of the place of public
> accommodation to plaintiff's residence, (2) plaintiff's
> past patronage of defendant's business, (3) the
> definitiveness of plaintiff's plans to return, and (4)
> the plaintiff's frequency of travel near defendant."

Report at 15 (internal citations omitted).  Plaintiffs maintain

that Magistrate Judge Freeman incorrectly applied these factors

to the facts of this case.  Plaintiffs, however, fail to cite any

case law that discredits the Report's recommendation.  The Court,

therefore, upholds the Report's conclusion that Stern lacks

standing to sue Defendant pursuant to the ADA.

D.   <u>Access's Standing</u>

Plaintiffs argue that Magistrate Judge Freeman erred in

reasoning that Access lacks standing because Stern is the better

Plaintiff.  Plaintiffs, however, misunderstand the Report.

Magistrate Judge Freeman reasoned that Access lacks standing

because it has not demonstrated that at least one of its members

has standing to sue.  <u>See</u> Report at 23.  This Court agrees.  <u>See</u> <u>Bldg. & Constr. Trades Council v. Downtown Dev., Inc.</u>, 448 F.3d 138, 144 (2d Cir. 2006) ("An association bringing suit on behalf of its members must [show] that one or more of its members has suffered a concrete and particularized injury.").

**III. Conclusion**

The Court, therefore, is unpersuaded by Plaintiffs' objections, and adopts the Report in its entirety.  The Court denies Plaintiffs' motion for attorneys' fees (D.E. 17) and vacates the Consent Decree.  The Clerk of the Court is directed to close this case.  Any pending motions are moot.

SO ORDERED.

Dated:    New York, New York
          March 27, 2007

_____
Kimba M. Wood
United States District Judge